IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| MICHAEL ELLENBURG,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD,<br><br>Respondent. | CV 17–34–M–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this case on August 29, 2018, recommending that Plaintiff Michael Ellenburg's ("Ellenburg") petition under 28 U.S.C. § 2254 for writ of habeas corpus be dismissed on the merits. Ellenburg timely filed an objection to the Findings and Recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects.[1] 28 U.S.C. §

---

[1] Ellenburg has filed the following documents in response to the Findings and Recommendations: "Request for Evidentiary Hearing or In the Alternative, Notice of Appeal" on September 25, 2017 (Doc. 22); an amended "Request for Evidentiary Hearing or in the alternative, Notice of Appeal" on October 3, 2017 (Doc. 23); a notice entitled "MCA 45-18-801 Effect of Conviction and Deprivation of U.S. Constitution Rights" on October 5, 2017 (Doc. 24); a "Addenda Notice of Estoppel" on October 10, 2017 (Doc. 25); a "Motion and Brief Evidentiary Hearing" on October 16, 2017 (Doc. 26); a "Judicial Notice" on October 23, 2017 (Doc. 27); a "Judicial Notice with Retrospective Application of Attainer" on November 2, 2017 (Doc. 28); a "Pursuant to 2254(2)(b)(h) U.S.C., Motion and Order Appointment of Counsel" on November 14, 2017 (Doc. 29); a letter on November 14, 2017 (Doc. 30); a "Judicial Notice" on November 16, 2017 (Doc. 31); and a "Motion and Brief Stay of Request of § 46–18–208 MCA, Termination of Remaining Portion of Suspended Sentence" on November 17, 2017 (Doc. 32).

636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Ellenburg challenges the Montana Board of Pardons and Parole's (BOPP) imposition of a release condition that requires prisoners to establish a long-term permanent residence prior to being allowed parole. He contends that this violates his due process rights. Further, Ellenburg argues that the doctrine of ex post facto applies to his parole situation because he has been incarcerated past his parole date

---

The Court has considered all filings by Ellenburg as objections, and will construe Documents 22, 23, and 26 as motions for an evidentiary hearing, Document 29 as a motion to appoint counsel, and Document 32 as a motion to set aside sentence. These motions are addressed within this Order.

due to an alleged increased punishment from the parole condition. He contends that the condition imposes a more restrictive parole standard. Ellenburg also alleges that an equal protection violation has occurred because other similarly-situated individuals are not subject to the same parole conditions as him.

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (per curium). With respect to parole hearings, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Id.* at 220. An inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Id.* The "beginning and the end of federal habeas" analysis is whether the inmate received the minimal procedural protections required under the Due Process Clause. *Id.* Further, Montana law allows the board to adopt any rules that it deems proper or necessary in relation to prisoners' eligibility for parole and the conduct of parole hearings. Mont. Code Ann. § 46-23-218(1) (2016).

Under an ex post facto analysis, there must first be two elements present for ex post facto to apply: "first, the law must be retrospective, that is, it must apply to

events occurring before its enactment; and second, it must disadvantage the offender affected by it." *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (quoting *Miller v. Florida*, 482 U.S. 423, 430 (1987)). "The Ex Post Facto Clause 'forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred.'" *Id.* at 765.

Finally, with respect to an equal protection claim, the Fourteenth Amendment states that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The equal protection clause directs that "all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920).

The Court notes Ellenburg's objections, but they are misplaced. He fails to articulate any specific issue with Judge Johnston's reasoning, and instead reiterates his perception that his rights have been violated in some manner. Ellenburg does not present any new evidence or legal authority that proves his constitutional rights were violated when he was subjected to certain parole conditions, or that he is entitled to habeas relief. The Court agrees with Judge Johnston that: (1) Ellenburg's due process rights have not been violated because he remains eligible for parole consideration upon submission of an acceptable living plan; (2) the doctrine of ex post facto is not implicated because the parole condition requiring

him to find suitable housing is a reasonable one that is placed on all potential parolees; (3) Ellenburg's equal protection rights were not violated because all offenders must identify a place to live prior to their parole release and Ellenburg has failed to show he is being discriminated against in any manner, much less because of his disability; and (4) Ellenburg is not entitled to habeas relief on the ground that a conviction or sentence violates the state constitution or state law.

Further, Ellenburg's main contention in his motions for an evidentiary hearing is that the affidavit submitted by James Jess sets forth untrue and incorrect statements regarding parole, probation, and discharge. (*See* Docs. 22, 23 and 26.) Ellenburg argues that the cost of transitional housing and additional expenses upon release far exceed any potential income he would have, which makes the parole condition impossible. He asserts that his economic condition is "atypical and significant" which leaves him unable to comply with the terms of the parole housing requirement. (Doc. 23 at 2.) Firstly, the Court takes the facts submitted by Mr. Jess in his affidavit and sworn under oath as true. The facts contained therein are general comments about the parole process and why it is important for parolees to have a housing plan. (*See* Doc. 17 at 3.) The affidavit also contains information related to the multiple times Ellenburg appeared in front of the Board and submitted his desired parole plans. (*Id.* at 3–7.) Ellenburg's disagreement

with the Board's conditions to be eligible for parole, and the fact that Ellenburg was unhappy with the Board's basis for denial does not create a federal interest. *Swarthout*, 562 U.S. at 222; Mont. Code Ann. § 46-23-218(1) (2016). By virtue of the parole hearing itself, Ellenburg was provided with the minimal procedural protections afforded to him under the Due Process Clause. Consequently, a hearing regarding the facts contained within Mr. Jess's affidavit is not warranted, and the motions for an evidentiary hearing are denied.

Next, Ellenburg moves the Court to appoint counsel. He asserts that counsel is necessary so that he may present new facts and verify any claims that he missed in his initial petition. (Doc. 29 at 1.) In federal habeas cases, counsel must be appointed when the case is so complex that due process violations will occur absent the presence of counsel, *Bonin v. Vasquez*, 999 F.2d 425, 428–429 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Here, the Court finds that Ellenburg's case is not so complex that his right to due process will be violated if counsel is not appointed. This is not his first habeas petition, and Judge Johnston has given him ample time to clarify and present his claims. (Docs. 3; 10; 10-2.) As this Court has already concluded, none of his claims warrant habeas relief. Further, Ellenburg does not explain what claims counsel could have assisted him with, but rather seeks counsel so that his case file could be reviewed as a whole. (Doc. 29 at 1.) This is not a basis for appointment of counsel, and the Court finds that Ellenburg has been proficient in articulating his claims pro se. Thus, he does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel.

Next, Ellenburg moves the Court to set aside his remaining sentence. (Doc. 32.) In his supporting brief, he requests that the Court "stay and set aside Petitioner's previous submission considering application of § 46–18–208 MCA to the case at bar and proceed on the merit[s] of existing objections and consideration of new evidence." (Doc. 32 at 1.) The Court has already addressed the merits of Ellenburg's objections and finds that he has failed to establish a violation of his constitutional rights. Additionally, the Court will not impede on the Board's role to determine when it is appropriate for a prisoner to be granted parole. Thus, the Court will not set aside Ellenburg's remaining sentence.

Finally, Ellenburg has failed to make a substantial showing that he was deprived of a constitutional right and thus a certificate of appealability is not warranted.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 19) are ADOPTED IN FULL. Ellenburg's petition for writ of habeas corpus (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that Ellenburg's motions for an evidentiary hearing (Docs. 22; 23; and 26) are DENIED.

IT IS FURTHER ORDERED that Ellenburg's Motion to Appoint Counsel (Doc. 29) is DENIED.

IT IS FURTHER ORDERED that Ellenburg's Motion to Set Aside Sentence (Doc. 32) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 18th day of January, 2018.

Dana L. Christensen, Chief Judge
United States District Court